UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    14 Civ. 8461 (JFK)
ANDREA MAGDER,
                        Plaintiff,                                      MEMORANDUM OF LAW
        - against–                                                  IN SUPFPORT OF
                                                                             DEFENDANTS' MOTION
BELTON LEE, MADHATTAN FILM COMPANY        FOR ATTORNEY FEES
GLOBAL, LLC, CHRISTOPHER BONGIRNE,
MARC JACOBSON, P.C., MARC JACOBSON, and
DINING WITH ALEX, LLC,

                      Defendants,
------------------------------------------------------------------------X

        This memorandum of law is respectfully submitted by defendants of the within action in support of the motion seeking attorney fees pursuant to 17 U.S.C. §505 and based upon the explicit provision of the Purchase Agreement entered into by the parties on June 12, 2014.

**I. Attorney fees awarded to the prevailing party under 17 U.S.C. §505**.

        The defendants are the prevailing party in this action commenced by the plaintiff alleging copyright infringement among other claims.

        Under Section 505 of the Copyright Act, the prevailing party may be awarded its costs and attorney fees. Pursuant to *Fogerty v. Fantasy, Inc*. 510 U.S. 517 (1994), a previously existing "dual" standard wherein a greater burden is placed upon prevailing defendants than prevailing plaintiffs was extinguished; thus, prevailing defendants and prevailing plaintiffs must be treated alike under 505.

        The *Fogerty* Court notes that there is "no precise rule or formula for making [attorneys' fees] determination, but instead equitable discretion should be exercised," and lists several nonexclusive factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. *Id* 534.

        In *Matthew Bender & Co., Inc. v. West Pub. Co.* 240 F.3d 116 (2nd Cir. 2001), the Court

holds that "objective reasonableness" is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted.

The plaintiff has brought a frivolous action on copyright infringement and there is not one shred of objective reasonableness in her contention that her copyright has been infringed because she does not even own the copyright at issue, as the Court succinctly holds.

The Court correctly points out that there is no factual dispute that the plaintiff and her non-party co-author were in fact paid the full $65,200.00 Purchase Price under the Purchase Agreement (**Exhibit B**), that the transfer of the copyright to the screenplay occurs upon payment of the Purchase Price, and that upon payment, Madhattan "**shall own the Granted Rights solely and exclusively.**" (emphasis added)

The Court has found the plaintiff's remaining contentions without merit. Her attempts to conflate the issue with the other agreements are futile and amount to nothing but background noise.

She was grasping for straws and throwing everything to the wall and see what sticks.

The Court saw through it.

There is no objective reasonableness in fact or in law for the plaintiff's claim that she somehow still retains ownership of the very copyright at issue.

It is only a pigment of her imagination in her mind.

While she is certainly entitled to her subjective belief and vivid imagination, she had no business and basis to bring this action and seek preliminary injunction.

Furthermore, the Purchase Agreement specifically provides that the plaintiff and her co-author "shall not institute, support or authorize any action or lawsuit on the ground that the Picture or any other production or product permitted hereunder based in whole or in part on the [screenplay] or exploitation of any of the Granted Rights constitutes an infringement or violation of any of the [authors'] rights." (Purchase Agreement, Par 5.)

The Purchase Agreement also provides in "Limitation of Remedies" that "in the event of

a breach of any of [Madhattan's] obligations under the Agreement, the damage (if any) caused to [the authors] thereby **will not be irreparable or otherwise sufficient to give rise to a right of injunctive or other equitable relief**…[The authors] **shall not be entitled** to terminate or rescind this Agreement or any of the Granted Rights hereunder or **enjoin…[Madhattan's] right to produce…"** (Purchase Agreement, Par 18).

The Court in weighing to award attorneys' fees should take note that although the parties to the Purchase Agreement are the plaintiff and her non-party co-author as Grantor and Madhattan as Grantee, and as such any dispute about ownership of copyright should be against Madhattan, the plaintiff willfully and intentionally sued other defendants as part of her scorching earth tactics.

Along the way, her former fellow producers, Messrs Belton Lee and Chris Bongirne, and attorney Marc Jacobson, have become the collateral damage in her frivolous and baseless action.

The defendants were compelled to spend substantial resources in litigating this issue, incurring attorneys' fees that amount to about one-third of the purchase price.

**II. Attorney fees awarded to the prevailing party pursuant to the Purchase Agreement**.

The Purchase Agreement entered into by the parties provides in Par 28 "Attorney Fees" that "in connection with any dispute arising in connection with this Agreement, the prevailing party shall be entitled to recover from the other reasonable outside attorneys' fees and costs at both the trial and appellate level…"

The plaintiff has sued based in part the Purchase Agreement alleging a dispute in connection with the Purchase Agreement.

The plaintiff, represented by counsel, signed the Purchase Agreement willingly and voluntarily and understood that the prevailing party in a dispute arising in connection with the Agreement would be entitled reasonable outside attorneys' fees.

Of course, the plaintiff with her vivid imaginations did not expect to be the losing party.

The defendants are the prevailing party and are entitled to the outside attorneys' fees

incurred in litigating this action.

  Based on the foregoing, the Court should exercise its discretion under Section 505 to award attorneys' fees to all of the defendants along with reasonable attorney fees for making this within motion.

Dated: Brooklyn, New York
   January 30, 2015

               _____/yuxi Liu/_____
                Yu-Xi Liu (yl3022)
                yuxiliuny@yahoo.com