**Sam P. Israel, P.C.**
Sam P. Israel (SPI0270)
Eleonora Zlotnikova (EZ8814)
1 Liberty Plaza, 35th Floor
New York, New York 10006
T: (646) 787-9880 | F: (646) 787-9886
samisrael@spi-pc.com
*Attorneys for Andrea Magder*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA MAGDER<br><br>　　　　　　　　Plaintiff,<br><br>　-against-<br><br>BELTON LEE, MADHATTAN FILM COMPANY, GLOBAL, LLC, CHRISTOPHER BONGIRNE, MARC JACOBSON, P.C., MARC JACOBSON AND DINING WITH ALEX, LLC,<br><br>　　　　　　　　Defendants. | 1:14-cv-8461 (JFK) (AJP) |

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................ *ii*

I.      <u>PRELIMINARY STATEMENT AND BACKGROUND</u> ................................................2

II.     <u>ARGUMENT</u>

        <u>THE FEES MOTION SHOULD BE DENIED</u>.

        A.  MJP and Jacobson are Not Entitled to Attorneys' Fees.................................................3

        B.  Defendants are Not Entitled to Attorneys' Fees Under the Copyright Act. ..................6

            **1.**  *Defendants are Not the "Prevailing Party" Within the Meaning of 17 U.S.C. §505*..................................................................................................................6

            **2.**  *None of the* Fogerty v. Fantasy *Factors Favor an Award of Attorneys' Fees.*........8

        C.  Defendants are Not Entitled to Attorneys' Fees Under the Purchase Agreement. ......11

        D.  Defendants are Not Entitled to an Award of Fees Incurred in Connection With Filing the Fees Motion as a Matter of Law. ........................................................................12

III.    <u>CONCLUSION</u>................................................................................................................13

# **TABLE OF AUTHORITIES**

<u>CASES</u>

*Aqua Creations USA Inc.v. Hilton Worldwide, Inc.*,
   487 F. App'x 627 (2d Cir. 2012). ........................................................................... 10

*F.H. Krear & Co. v. Nineteen Named Trustees*,
   810 F.2d 1250 (2d Cir. 1987)................................................................................. 12

*Fogerty v. Fantasy*,
   510 U.S. 517 (1994)................................................................................................8, 9

*Matsumura v. Benihana Nat'l Corp.*,
   2014 U.S. Dist. LEXIS 54404 (S.D.N.Y. Apr. 17, 2014).........................................11

*Matthew Bender & Co. v. West Publ'g. Co.*,
   240 F.3d 116 (2d Cir. 2001)....................................................................................10

*NXIVM Corp. v. Ross Inst.*,
   2005 U.S. Dist. LEXIS 44789 (N.D.N.Y Aug. 2, 2005). ..........................................6

*Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*,
   2004 U.S. Dist. LEXIS 5648 (S.D.N.Y. Apr. 6, 2004).............................................. 9

*Phila. Stock Exch. v. Int'l Sec. Exch., Inc.*,
   2005 U.S. Dist. LEXIS 26695 (S.D.N.Y. Nov. 1, 2005). ..........................................8

*Random Ventures, Inc. v. Advanced Armament Corp., LLC*,
   2014 U.S. Dist. LEXIS 66453 (S.D.N.Y. May 2, 2014).........................................12

*Roy, Gene & Ron Kahn v. Taco Bell Corp.*,
   1994 U.S. Dist. LEXIS 10148 (S.D.N.Y. July 22, 1994). ......................................12

*Salinger v. Colting*,
   607 F.3d 68 (2d Cir. 2010)........................................................................................7

*Shaw Family Archives, LTD. v. CMG Worldwide, Inc.*,
   589 F. Supp. 2d 331 (S.D.N.Y. 2008).......................................................................6

*Silberstein v. Fox Entm't Group, Inc.*,
   536 F. Supp. 2d 440 (S.D.N.Y. 2008).......................................................................6

*Sykes v. RFD Third Ave. I Assoc., LLC*,
   833 N.Y.S.2d 76 (N.Y. App. Div. 2007). ...............................................................11

*Tolliver v. McCants*,
    486 F. App'x 902 (2d Cir. 2012). .......................................................................................10

*Williamson v. Pearson Educ.*,
    2001 U.S. Dist. LEXIS 17062 (S.D.N.Y. Oct. 19, 2001). ........................................................8

## STATUTES & TREATISES

17 U.S.C. § 505..............................................................................................................6, 8

Plaintiff Andrea Magder ("**Magder**" or the "**Plaintiff**"), by and through her undersigned counsel, Sam P. Israel, P.C., hereby submits this memorandum of law in opposition to the Motion for Attorney Fees pursuant to 17 U.S.C. § 505 ("**Fees Motion**") submitted by Belton Lee ("**Lee**"), Madhattan Film Company Global, LLC ("**MFCG**"), Christopher Bongirne ("**Bongirne**"), Dining With Alex, LLC ("**DWA**"), Marc Jacobson, P.C. ("**MJP**"), and Marc Jacobson ("**Jacobson**"), (collectively, the "**Defendants**"). The Plaintiff states as follows:

## I. PRELIMINARY STATEMENT AND BACKGROUND

As the Court might recall, the Plaintiff commenced this action for, *inter alia*, copyright infringement, breach of contract and breaches of fiduciary duties, seeking to bar the Defendants from further exploiting copyrights in the screenplay that she authored, and which would serve as the basis for a feature film produced by a limited liability company, DWA, of which she is a member. Whereas DWA consisted of only three members and two managing members (Lee and Magder), Lee, in concert with Bongirne and DWA's supposedly impartial counsel (MJP and Jacobson), bullied and cheated Magder out of her bargained-for entitlements even as they announced plans to oust her from DWA. In furtherance of their efforts, Jacobson even utilized his position of authority as an attorney to rob Magder of the funds to which she was entitled under the Purchase Agreement—without her consent or an appropriate escrow agreement—using the money as leverage to extort her cooperation and compliance with the Defendants' scheme.

This Court heard the parties' arguments on November 25, 2014—although Jacobson's counsel never bothered to attend the hearing. Thereafter, the Court issued a Memorandum & Order, in which it declined to extend the TRO, yet noted that it made no findings as to the merits of the Plaintiff's claims. Zlotnikova Decl. Ex. 1 (Mem. & Order), Doc. 27. The Plaintiff voluntarily withdrew her complaint, explaining in the December 16, 2014 Letter filed with the Court, that her

claims would be more properly reposed in a different forum. Zlotnikova Decl. Ex. 2 [Letter to Judge Duffy, dated December 16, 2014], Doc. 32. Subsequently, the Plaintiff commenced an action in New York State Supreme Court against the Defendants for all but the copyright-related claims. *Magder v. Lee*, Index No. 653917/2014 (N.Y. Sup. Ct. Dec. 22, 2014). That action is still pending.

The Defendants waited three months to file the instant Fees Motion, in which they apparently seek fees incurred in bringing the Fees Motion, as well as for legal services rendered before the commencement of the above-captioned action, after its voluntary dismissal, and those in connection with an attorney's alleged services when he was not even counsel of record <u>to any of the Defendants</u>, namely Marc Jacobson—the same attorney who is alleged to have stolen money from and extorted Magder. As explained below, the Defendants' frivolous Fees Motion should be denied outright with costs awarded to Plaintiff, as it lacks any basis in fact, law, or equity.

## II. <u>ARGUMENT</u>

### <u>THE FEES MOTION SHOULD BE DENIED.</u>

**A. MJP and Jacobson are Not Entitled to Attorneys' Fees.**

It is contemptible that Jacobson would seek attorneys' fees for his disloyal and hopelessly conflicted representation of DWA. *See* Liu Affirm. at ¶ 8 and Ex. C. First, there were no copyright infringement claims asserted against MJP or Jacobson. Second, he was not counsel of record for any of the defendants in this action. Third, Jacobson is alleged to have breached his fiduciary duties and violated ethics rules when he advanced the interests of one DWA member (Lee) over another (Magder), and sought to wrest control of the company from the Plaintiff. Jacobson not only sought to facilitate the usurpation of Magder's membership interest and her ouster from the company, but he also ***took*** a portion of fees due Magder under the Purchase Agreement without Magder's consent

or a valid escrow agreement. This attorney used the money and Plaintiff's financial limitations as leverage to intimidate and extort Magder into complying with his and Lee's demands.

Even more troubling is Jacobson's request for fees for his ostensible legal services **from July 26, 2014** (Liu Affirm. ¶ 8 & Ex. C, Invoice # 663, dated Sept. 7, 2014) **until December 31, 2014** (Liu Affirm. ¶ 8 & Ex. C, Invoice # 733, dated Jan. 4, 2015). This action was commenced by order to show cause on or about **October 23, 2014**. *See* Zlotnikova Decl. Ex. 3 (Order to Show Cause, issued Oct. 23, 2014, at 3:15 P.M.). The action was voluntarily dismissed on December 16, 2014. *See* Notice of Voluntary Dismissal, Doc. 33. Yet, Jacobson is seeking to utilize this Court as a vehicle to force Magder to pay alleged out of pocket charges associated with Jacobson's ostensible legal services as DWA's counsel before the action was initiated and after it was withdrawn, demanding items such as the cost of a "[l]ate taxi home after reviewing Order to Show Cause from Ms. Magder"; "[p]repare email to client regarding meaning of some phrases in Ms. Shrewsberry's email" (on Dec. 31, 2014) and the like. Liu Affirm. Ex. C.

Further, notwithstanding the glaring conflict of interest in his ongoing legal representation of DWA, Jacobson also demands fees for things unrelated to the copyright action in this Court like: "Correspondence: Review correspondence" (on July 26, 2014); telephone call "with Chris Bongirne" (on Aug. 6, 2014); "Review Israel's website"; "Meeting with Belton Lee and Chris Bongirne by telephone, in response to action to dissolve company, and to seek $2.5 million in damages"; "Conversations with Mr. Shapiro regarding representation." *Id.*

Meanwhile, with respect to the instant proceedings, not only did Jacobson's counsel fail to appear for the preliminary injunction hearing (having called the Court a full one-half hour **after** the hearing commenced to report that he was stuck in traffic), but the Court had this to say in response to Jacobson's ethically murky representation of DWA:

4

> THE COURT: Well, I'd like to concentrate on payment of that last payment. There's reference in the papers to a claim that the person who held it, held it, quote, in escrow, an attorney's escrow account. Is that correct? That's what the papers indicate.
>
> MR. LEVINSON: Yeah. I believe the money was in Marc Jacobson's escrow account.
>
> THE COURT: Now, did Marc Jacobson have some kind of a contract to get that?
>
> MR. LEVINSON: I believe—
>
> THE COURT: There's nothing in the papers that I could find. Maybe it slipped past. I couldn't find any arrangement for an escrow.
>
> MR. LEVINSON: I don't believe there is any language anywhere addressing an escrow. I believe the parties were already at loggerheads.
>
> THE COURT: Okay. Look, but you agree with me that there's nothing in there about an escrow agreement.
>
> MR. LEVINSON: Yes.
>
> THE COURT: Okay. Fine. Now, last time I looked, escrow agreements are kind of sacrosanct, particularly with the disciplinary committee of the appellate division. People who play with the escrow agreements can get burned. I don't know what the story is and I don't know why. But you just can't take money and say, oh I'm putting it in my escrow account. No, you can't do that. That's called stealing. So, I'm sorry his counsel is not here to defend him. I'll just have to guess as to what's going on.

Zlotnikova Decl. Ex. 4 (Hr'g Tr. at 6:16-7:21).

Whereas this Court has already admonished Jacobson during the preliminary injunction hearing for his ethically unsound behavior, for Jacobson now to seek attorneys' fees—related to and beyond his intermittent defense of <u>non-copyright related</u> torts—is the epitome of arrogance and an unapologetic insult to the Court. The Court should deny Jacobson's brazen request, and issue sanctions and an award of costs on the basis of Jacobson's entirely frivolous arguments.

5

### B. Defendants are Not Entitled to Attorneys' Fees Under the Copyright Act.

The Copyright Act represents a rare instance where Congress permits—but does not mandate—courts to award reasonable attorneys' fees <u>to the prevailing party</u>. Section 505 of the Copyright Act instructs that, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Even so, "prevailing parties are not entitled to fees merely because they have been successful . . . . To do so 'would establish a per se entitlement of attorney's fees whenever issues pertaining to judgment are resolved against a copyright plaintiff.'" *Silberstein v. Fox Entm't Group, Inc.*, 536 F. Supp. 2d 440, 443 (S.D.N.Y. 2008). As explained below, the Defendants are not entitled to attorneys' fees under the Copyright Act, 17 U.S.C. § 505.

#### *1. Defendants are Not the "Prevailing Party" Within the Meaning of 17 U.S.C. §505.*

As a threshold matter, the Defendants are not "prevailing party" within the meaning of 17 U.S.C. § 505. "To satisfy the definition of a 'prevailing party' under a fee shifting provision of a statute (17 U.S.C. § 505), one must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by the court through a consent decree." *Shaw Family Archives, LTD. v. CMG Worldwide, Inc.*, 589 F. Supp. 2d 331, 349 (S.D.N.Y. 2008) (citing *NXIVM Corp. v. Ross Inst.*, 2005 U.S. Dist. LEXIS 44789, 6 (N.D.N.Y Aug. 2, 2005)). The Defendants did not succeed in having all claims dismissed against them; the Court merely denied Plaintiff her application for a preliminary injunction. In the Memorandum and Order, the Court denied Plaintiff's motion for a preliminary injunction based on a contractual provision in the Purchase Agreement, which limited the Plaintiff's available remedies. *See* Mem. & Order. Because injunctive relief was not one of them, the Court denied the motion. There was no ruling on the merits of the Plaintiff's claim; the Court merely exercised its "jurisdiction to consider the request

for a preliminary injunction to preserve the status quo during the pendency of the dispute, even if that dispute is ultimately litigated in the arbitral forum." *Id*. at 11. Furthermore, the determination of a motion for a preliminary injunction does not encompass an analysis of the merits of the Complaint.

To be sure, "[t]o warrant a preliminary injunction, a party must show, first, 'a likelihood of success on the merits' or 'sufficiently serious questions going to the merits' of the party's underlying claim …" among other things. *Id*. at 13 (citing *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)) (the remaining factors are likelihood that the moving party will suffer irreparable injury absent an injunction, that the balance of hardships tips in moving party's favor, and that the public interest would not be disserved by the injunction). Thus, on a motion for a preliminary injunction, the court does not—and did not in this case—make a ruling or determination about the merits of the claims. Rather, here, the Court gauged whether the Plaintiff is <u>likely to succeed</u>—not that it has succeeded—on the merits. *Id.* Indeed, whereas the copyright claim was interwoven with claims concerning breaches of relevant agreements, the Court expressly noted that it made "no finding as to the merits of those allegations." *Id.* at 15 ("Accordingly, Plaintiff's contention that Defendants repudiated various obligations to her pursuant to their agreements – and I make no finding as to the merits of those allegations – does not support her request for a preliminary injunction.").

After the Memorandum and Order was issued, the Plaintiff filed a Notice of Voluntary Dismissal. Doc. 33. As the Plaintiff explained in her December 16, 2014 Letter to the Court, "the Plaintiff's claims are more properly reposed in New York State Court"—where the Plaintiff ultimately filed them. *See* Zlotnikova Decl. Ex. 2 [Letter to Judge Duffy, dated December 16, 2014], Doc. 32; *Magder v. Lee*, Index No. 653917/2014 (N.Y. Sup. Ct. Dec. 22, 2014). The

7

Defendants cite no precedent for the proposition that attorneys' fees should be granted to litigants who succeed not on the merits, but on a motion for a preliminary injunction, where the Plaintiff ultimately withdrew her copyright claim before Defendants were obliged to respond to it. In fact, New York courts have denied fees in these exact circumstances—to wit, when Courts declined to extend a TRO or injunction. For example, in *Phila. Stock Exch. v. Int'l Sec. Exch., Inc.*, 2005 U.S. Dist. LEXIS 26695 (S.D.N.Y. Nov. 1, 2005), the court's denial of a temporary restraining order and plaintiff's subsequent withdrawal of its copyright claim did not constitute the kind of court-ordered change in the legal relationship between the parties that rendered the defendant a "prevailing party." *Id.* at 4. The court noted that, because it had no involvement in the plaintiff's decision to withdraw the claim, it did not exercise the requisite degree of judicial oversight as to render a judgment on the merits. *Id.* Therefore, since Magder's decision to withdraw her claim was completely voluntary and thus lacked the requisite judicial imprimatur, as a matter of law, the Defendants are not the prevailing party on the copyright infringement claim and are not entitled to attorneys' fees under the Copyright Act. *See id.*

### 2. *None of the* Fogerty v. Fantasy *Factors Favor an Award of Attorneys' Fees.*

As explained above, the Defendants cannot succeed on their Fees Motion because, as a threshold matter, they are not the "prevailing party" within the meaning of the Copyright Act's fee shifting provision, 17 U.S.C. § 505. Yet, even beyond failing to meet this threshold requirement, the Defendants have not shown that any other factors might favor a fees award in their favor. *See, e.g., Williamson v. Pearson Educ.*, 2001 U.S. Dist. LEXIS 17062, 36 (S.D.N.Y. Oct. 19, 2001) (denying fees motion by defendants even though defendant prevailed on the merits on motion for summary judgment because the claims were neither frivolous nor objectively unreasonable).

8

In *Fogerty v. Fantasy*, the Supreme Court set forth factors to be considered when determining whether it is appropriate to grant an award of attorneys' fees to the prevailing party: (1) objective unreasonableness; (2) frivolousness; (3) motivation; and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty v. Fantasty,* 510 U.S. 571, 534 (1994). "[S]uch factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act." *Id*.

The Defendants' inappropriate and truly shameful *ad hominem* attacks and ill-placed hyperbole serve no purpose in the application of the *Fogerty* factors. *See e.g.,* Mem. of Law in Supp. of Fees Mot. at 2. While the Defendants pay lip service to the seminal case delineating the factors to consider when awarding attorneys' fees, they altogether fail to explain how the facts of this case apply, let alone warrant such award. Indeed, even if the Court were to determine that the Defendants prevailed—which they did not—it does not necessarily mean that the Plaintiff's position was "frivolous or objectively unreasonable." Thus, the Defendants are not automatically entitled to fees. (In *Fogerty*, *supra,* the Supreme Court has cautioned against treading too closely to the British rule of automatically awarding fees to the prevailing party.) The "courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd*., 2004 U.S. Dist. LEXIS 5648, 7 (S.D.N.Y. Apr. 6, 2004).

In this case, the Plaintiff's claims were neither frivolous nor objectively unreasonable. The Plaintiff had an objectively reasonable factual and legal basis to assert them, inasmuch as she believed that she had retained her copyrights in the subject screenplay due to a failure of consideration to which she was entitled under the agreement pursuant to which the transfer of

9

copyrights would be effectuated (*i.e.,* the Purchase Agreement). Alternatively, she claimed that the transfer was ineffective as a result of the counterparty's breach or repudiation. She claimed that she did not timely receive the full purchase price when she executed the Purchase Agreement, and the Defendants did not contest that Magder only received a lion's share of her consideration months after the contract's execution and after the relationship among the parties soured to the point of litigation. The Court noted that "the factual record is somewhat ambiguous as to whether the payment provision was followed to the letter"; yet, it determined that the copyright transfer was effected because Magder ultimately received the remainder of the purchase price. Mem. & Order, at 14. Magder's position was not unreasonable, as it is not unheard of for plaintiffs to allege that they own or retained copyrights to a work because a transfer of the copyrights pursuant to an agreement was somehow invalid. *See* Mem. & Order, at 13 (citing A*qua Creations USA Inc.v. Hilton Worldwide, Inc.,* 487 F. App'x 627, 628 (2d Cir. 2012); *Tolliver v. McCants,* 486 F. App'x 902, 904 (2d Cir. 2012) (Keenan, J.)).

To this end, whereas the Purchase Agreement contained a provision which stated that Magder would not seek injunctive relief, the Plaintiff advanced her claims based on a reasonable position that the Purchase Agreement was invalid, breached, or repudiated and, therefore, the provision had no force. There is also no evidence of any ill motive on Plaintiff's part in commencing the lawsuit. Further, an award of attorneys' fees in this case would not be consistent with the goals of the Copyright Act. The primary purpose of the Copyright Act is to "encourage the origination of creative works by attaching enforceable property rights to them." *Matthew Bender & Co. v. West Publ'g. Co.*, 240 F.3d 116, 122 (2d Cir. 2001). As the original author and copyright owner of the subject screenplay, Magder in good faith sought to protect her intellectual property after her business partner, employee, and counsel joined forces to wrest control of the

10

project which she spent years of her life creating. The considerations of compensations and deterrence will not be served by granting fees to the Defendants. Therefore, none of the *Fogerty* factors warrant a fees award.

### C. Defendants are Not Entitled to Attorneys' Fees Under the Purchase Agreement.

The Defendants are not entitled to attorneys' fees under the Purchase Agreement. Section 28 of the Purchase Agreement provides, in relevant part: "[i]n connection with any dispute arising in connection with this Agreement, the prevailing party shall be entitled to recover from the other reasonable outside attorneys' fees and costs …." Zlotnikova Decl. Ex. 5 (Purchase Agreement, at § 28). As the Purchase Agreement does not define "prevailing party," legal precedent must guide the analysis.

"Where, as here, the parties' claims for attorneys' fees derive from contractual language, New York precedent instructs courts to consider 'the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope.'" *Matsumura v. Benihana Nat'l Corp.*, 2014 U.S. Dist. LEXIS 54404, 11-13 (S.D.N.Y. Apr. 17, 2014) (citing *Sykes v. RFD Third Ave. I Assoc., LLC*, 833 N.Y.S.2d 76, 77 (N.Y. App. Div. 2007). "To be considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof." *Sykes,* 833 N.Y.S.2d at 77-78 (internal quotations and citations omitted). *See also Matsumura,* 2014 U.S. Dist. LEXIS 54404 at 11 ("In the absence of contractual language specifically defining 'prevailing party,' this precedent provides useful guidance."). By any measure, Defendants are not the "prevailing parties" in this action. Inasmuch as there has not been a ruling on the merits, they have not prevailed on any of the central claims advanced in this action. *See* discussion *supra* Part II. B. 1. Nor will there be any adjudication of the merits here, as the Plaintiff voluntarily withdrew her action in order to refile it in a different forum.

11

### D. Defendants are Not Entitled to an Award of Fees Incurred in Connection With Filing the Fees Motion as a Matter of Law.

The Defendants are not entitled to attorneys' fees in connection with the preparation of the instant Fees Motion as a matter of New York law. "A general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves." *Roy, Gene & Ron Kahn v. Taco Bell Corp.*, 1994 U.S. Dist. LEXIS 10148, 8-9 (S.D.N.Y. July 22, 1994) (internal citations omitted). A fee award based on time spent in preparing a fee application is "not customary," and will only be granted where the contract contains "specific language" justifying such award. *Id.* (rejecting an attorneys' fee award for time spent in preparation of the fee application; where the attendant contract provided for "reasonable attorney's fees and all costs of any kind, nature or description incurred in connection with such action or proceeding," such provision did not contain the requisite language specifically justifying an award for the fee application preparation) (citing *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1266 (2d Cir. 1987)); *see also Random Ventures, Inc. v. Advanced Armament Corp., LLC*, 2014 U.S. Dist. LEXIS 66453, 19 (S.D.N.Y. May 2, 2014) (declining to award attorneys' fees incurred in the preparation of the fee application, as such fees were "not eligible for recovery"). The Purchase Agreement states nothing with respect to awarding attorneys' fees for the time spent in seeking the fees. *See generally* Zlotnikova Decl. Ex. 5 (Purchase Agreement). Indeed, as made plain by Yu-Xi Liu's ("**Liu**") own affirmation, his only services with respect to this action consisted of filing the instant Fees Motion. *See* Liu Affirm. at ¶¶ 10–11, 13–14. Defendants are not entitled to attorneys' fees in connection with Liu's services as a matter of law. Furthermore, to the extent that this action was withdrawn on December 16, 2014, the Defendants are barred from seeking any and all fees incurred after that date, including fees purportedly incurred with respect to the legal services of Bruce Levinson (Liu Affirm. Ex. D) and Marc Jacobson (Liu Affirm. Ex.

C). Therefore, there is nothing under the governing contract or applicable law warranting Defendants' frivolous request for such fees.

### III. CONCLUSION

For the reasons set forth herein, the Plaintiff respectfully requests that the Court **DENY** the Defendants' Motion for Attorney[s'] Fees, and grant any such further relief as the Court deems just and proper.

Dated: New York, New York
March 26, 2015

**Sam P. Israel, P.C.**

**By:** /s/Sam Israel

**Sam P. Israel (SPI0270)**
**Eleonora Zlotnikova (EZ8814)**
1 Liberty Plaza, 35th Floor
New York, New York 10006
T: (646) 787-9880 | F: (646) 787-9886
E: samisrael@spi-pc.com
*Attorneys for Plaintiff Andrea Magder*