USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 17, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------X
ANDREA MAGDER,                      :
                                    :
                 Plaintiff,         :
                                    :        No. 14 Civ. 8461 (JFK)
     -against-                      :
                                    :           OPINION & ORDER
BELTON LEE, MADHATTAN FILM COMPANY  :
GLOBAL, LLC, CHRISTOPHER BONGIRNE,  :
MARC JACOBSON, P.C., MARC JACOBSON, :
and DINING WITH ALEX, LLC,          :
                                    :
                 Defendants.        :
------------------------------------X
```

JOHN F. KEENAN, United States District Judge:

    Before the Court is Defendants Belton Lee, Madhattan Film Company Global, LLC ("Madhattan"), Christopher Bongirne, Marc Jacobson, P.C., Marc Jacobson, and Dining With Alex, LLC'S motion for attorney's fees as prevailing parties under both 17 U.S.C. § 505 and a provision of the Purchase Agreement entered into between Magder and Madhattan on June 12, 2014.  For the reasons that follow, the motion is denied.

    Familiarity with the background facts as set forth in Judge Kevin Thomas Duffy's[1] opinion denying Plaintiff's request for a preliminary injunction is assumed.  See Magder v. Lee, No. 14 Civ. 8461, 2014 WL 6851271, at *1–3 (S.D.N.Y. Dec. 3, 2014).  As relevant here, after Judge Duffy denied the preliminary injunction, Plaintiff filed a notice of voluntary dismissal

_____

[1] Judge Duffy graciously agreed to hear the matter when I was unable to, but at all times the case has been assigned to me.

without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Pdeferocedure on December 16, 2014.[2] (ECF No. 33.) Defendants made their motion for attorney's fees on February 3, 2015.[3]

The Copyright Act provides that a court, in its discretion, may award attorney's fees to a prevailing party. See 17 U.S.C. § 505. Here, Defendants are not entitled to fees because it is not a "prevailing party." In Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), the Supreme Court held that a party must achieve a "judicially sanctioned change in the legal relationship of the parties" in order to be a prevailing party. Id. at 605. Although it only directly addressed the provisions in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12205, and the Fair Housing Amendments Act of 1988, 42 U.S.C. §

---

[2] Although Defendants had moved to dismiss Plaintiff's claims, they never entered an answer or moved for summary judgment. Thus, Plaintiff was still free to unilaterally dismiss the action without a court order. See Fed. R. Civ. P. 41(a)(1) (allowing for unilateral dismissal by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); Seippel v. Jenkens & Gilchrist, P.C., No. 03 Civ. 6942, 2004 WL 2809205, at *1 (S.D.N.Y. Dec. 7, 2004) ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal.").

[3] Defendants did not successfully file the motion on ECF until February 24, 2015, having made unsuccessful attempts on February 3 and 4, 2015. The Court will consider, for the purposes of this opinion, the motion filed as of February 3.

3613(c)(2), the opinion expressly referred to the "[n]umerous federal statutes" that allow for fee-shifting. Id. at 600-01.

Taking the Supreme Court's invitation, the Second Circuit has subsequently indicated that Buckhannon's holding applies broadly to similar fee-shifting statutes. See J.C. v. Reg'l Sch. Dist. 10, 278 F.3d 119, 123 (2d Cir. 2002) (noting that Buckhannon "expressly signaled its wider applicability" and applying it to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3)(B)); see also Perez v. Westchester Cnty. Dep't of Corr., 587 F.3d 143, 149 (2d Cir. 2009) (applying Buckhannon to the Prison Litigation Reform Act, 42 U.S.C. § 1988(b)).  Although the Second Circuit has not specifically applied Buckhannon to § 505, other courts in this district have. See, e.g., EMI Entm't World, Inc. v. Karen Records, Inc., No. 05 Civ. 390, 2015 WL 1623805, at *2 (S.D.N.Y. Feb. 27, 2015); Ritani, LLC v. Aghjayan, 970 F. Supp. 2d 232, 265 & n.10 (S.D.N.Y. 2013); see also 6 William F. Patry, Patry on Copyright § 22:211 (discussing Buckhannon's impact on § 505).

Applying Buckhannon, several courts in this district, in both copyright and noncopyright cases, have distinguished between a voluntary dismissal with prejudice and one without prejudice. Compare, e.g., BWP Media USA, Inc. v. Gossip Cop Media, LLC, No. 13 Civ. 7574, 2015 WL 321877, at *4 (discussing the distinction and holding that the defendant was a prevailing

3

party under § 505 since parties had executed a stipulated dismissal with prejudice), with United States v. Any and All Funds on Deposit at JP Morgan Chase, No. 12 Civ. 7530, 2013 WL 5511348, at *4–5 (S.D.N.Y. Oct. 2, 2013) (applying Buckhannon and holding that defendant had not substantially prevailed under CAFRA because the Government voluntarily dismissed the complaint without prejudice).

First, where, as here, the plaintiff unilaterally dismisses the case without prejudice, such an act is not "judicially sanctioned" since no court action is required. See TRF Music Inc. v. Alan Ett Music Group, LLC, No. 06 Civ. 349, 2006 WL 1376931, at *2 (S.D.N.Y. May 18, 2006) ("The voluntary dismissal lacks the judicial imprimatur to render defendants prevailing parties." (internal quotation marks omitted)).  Second, a dismissal without prejudice is not a change in the legal relationship between the parties because plaintiff can still bring the claim again. See Ritani, 970 F. Supp. 2d at 265–66; cf. Dattner v. Conagra Foods, Inc., 458 F.3d 98, 102–03 (2d Cir. 2006) (holding that a dismissal for forum non conveniens does not satisfy the Buckhannon test because plaintiff is "free to pursue his claims against the defendants" in another forum). That Judge Duffy had denied the preliminary injunction and indicated that Plaintiff had failed to show a likelihood of success on the merits does not make the dismissal any more

4

"judicially sanctioned" or serve to change the parties' "legal relationship." See Phila. Stock Exch. v. Int'l Sec. Exch., Inc., No. 05 Civ. 5390, 2005 WL 2923519, at *2 (S.D.N.Y. Nov. 2, 2005) ("Judge Baer's Order declining to extend the TRO (and plaintiff's subsequent withdrawal of its copyright claim) does not constitute the kind of court-ordered change in the legal relationship between parties that would render defendant a prevailing party.")  Thus, because Magder voluntarily dismissed this action without prejudice, Defendants are not prevailing parties under § 505. See 6 Patry on Copyright § 22:211 ("Consistent with Buckhannon, voluntary dismissals without prejudice do not qualify for prevailing party status since they do not require the court's permission, and because they do not result in a material alteration in the parties' legal relationship . . . .").[4]

For much the same reason, Defendants[5] are not entitled to prevailing party fees under the Purchase Agreement. See N. Waterside Redevelopment Co., L.P. v. Febbraro, 256 A.D.2d 261,

---

[4] The two cases that Defendants cite from the Seventh Circuit do not suggest otherwise.  Both involve dismissals with prejudice. See Riviera Distribs., Inc. v. Jones, 517 F.3d 926, 927 (7th Cir. 2008) ("The district judge dismissed the case, but with prejudice."); Mother & Father v. Cassidy, 338 F.3d 704, 707 (7th Cir. 2003) ("The initial June 12 order, after all, was a dismissal without prejudice, and thus was not enough to make the City a prevailing party for Rule 54 purposes.").
[5] The Court notes that only Madhattan, Magder, and non-party Quentin Cline were parties to the Purchase Agreement.

262-63 (N.Y. App. Div., 1st Dep't 1998) (affirming a denial of a motion for attorney's fees where plaintiff had "dismissed the complaint without prejudice" because "such fees are appropriate only when a court's decision constitutes the ultimate outcome of the matter"); J.P. & Assocs. Props. Corp. v. Krautter, 38 Misc. 3d 60, 62-63 (N.Y. App. Term 2013).

Having concluded that Defendants are not prevailing parties, the Court need not consider whether this would be an appropriate case for awarding attorney's fees. The Court notes, however, that motions for fees are to be made no later than fourteen days after entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B)(i); see also Ritani, 970 F. Supp. 2d at 267; Mattel, Inc. v. Radio City Entm't, 210 F.R.D. 504, 505 (2002). Instead of filing their motion within the two-week window set by Rule 54, Defendants waited nearly two months. Defendants' motion for fees would therefore also be procedurally barred as untimely.

For the foregoing reasons, Defendants' motion for attorney's fees as prevailing parties under § 505 and the Purchase Agreement is denied.

**SO ORDERED.**

Dated:     New York, New York
           August 17, 2015

_____
                    JOHN F. KEENAN
               United States District Judge

6